Sam Johnson, ISB No. 4777
Shawnee Perdue, ISB No. 8888
**JOHNSON & MONTELEONE, L.L.P.**
350 North Ninth Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*sam@treasurevalleylawyers.com*
*shawnee@treasurevalleylawyers.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MEGAN FENTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRUITLAND SCHOOL DISTRICT NO. 373; FRUITLAND SCHOOL DISTRICT NO. 373 BOARD OF TRUSTEES; TERESA FABRICIUS, an individual; MICHAEL RAY FITCH, an individual; and JOHN/JANE DOES I through X, whose true identities are presently unknown,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

COMES NOW Plaintiff, Megan Fenton, by and through her attorneys of record, Sam Johnson, and Shawnee Perdue of the law firm of Johnson & Monteleone, L.L.P., and for causes of action against above named Defendants, hereby complains, and alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## PARTIES

1.      At all relevant times herein mentioned, Plaintiff Megan Fenton (hereinafter "Ms. Fenton"), has been and currently is, a resident of Payette County, Idaho.

2.      At all relevant times herein mentioned, Defendant Fruitland School District No. 373 (hereinafter referred to as "FSD"), was and is a corporate and political body organized and existing under the laws of the state of Idaho. FSD administers public schools located in Payette County Idaho, and Ms. Fenton was an employee of FSD as a College and Career Counselor at Fruitland High School.

3.      At all relevant times herein mentioned, Defendant The Board of Trustees for Fruitland School District No. 373 (hereinafter "School Board"), was and is the duly elected governing body of Fruitland School District.

4.      At all relevant times herein mentioned, Defendant Teresa Fabricius (hereinafter "Ms. Fabricius"), was the Superintendent for FSD and was a resident of Payette County, Idaho.

5.      At all relevant times herein mentioned, Defendant Michael Ray Fitch (hereinafter "Fitch"), was the Principal of Fruitland High School and was a resident of Payette County, Idaho.

6.      Defendants John/Jane Does I through X, whose true identities are presently unknown, are entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of Defendants herein or are entities or individuals acting on behalf of, or in concert with, Defendants herein.

## JURISDICTION AND VENUE

7.      This is a civil action over which this Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. and Title IX of the Education Amendments Act of 1972. Additionally, this Court shares concurrent jurisdiction with the courts

of the state of Idaho in matters arising under the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq*. This Court's jurisdiction over Ms. Fenton's state law claims is founded upon 28 U.S.C. § 1367.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), because all Defendants are either residents or corporate or governing bodies of the state of Idaho and all acts complained of occurred in Payette County, Idaho.

## FACTS COMMON TO ALL COUNTS

9.      Fitch was employed by FSD as a history teacher at Fruitland High School beginning in the fall of 1999. In 2010, Fitch was promoted to Principal of Fruitland High School. Fitch remained the Principal of Fruitland High School until he resigned in 2019 as a result of charges and an investigation regarding his conduct toward Ms. Fenton and other female staff and students. Fitch was the head Boys Basketball Coach for Fruitland High School from approximately 1999/2000 through 2018.

10.      Throughout his employment with FSD, allegations of Fitch's inappropriate sexual conduct with female high school students and FSD staff were raised numerous times and went ignored by FSD. Fitch openly engaged in flirtatious and inappropriate conduct with Fruitland High School female students in front of Fruitland High School staff and administrators. Despite his well-known conduct toward female students and staff, FSD and the School Board failed to investigate or address any of Fitch's conduct until he was placed on administrative leave pending a criminal investigation by the Idaho State Police in November of 2018.

11.      Ms. Fenton began working at Fruitland High School on or about August 27, 2018 as a College and Career Counselor. Prior to her hiring, Ms. Fenton was interviewed by Fitch and two other Fruitland High School employees on or about August 23, 2018. Ms. Fenton's office was

located across the hall from the Administration Offices, where Fitch's office was located.

12.     Fitch, as the Principal of Fruitland High School, was Ms. Fenton's direct supervisor, hired Ms. Fenton, and had the ability to discipline and terminate Ms. Fenton. Fitch was also the highest ranked administrator at Fruitland High School.

13.     Shortly after starting at Fruitland High School, Ms. Fenton noticed Fitch staring at her and he seemed to be interested in her. At a fundraising event on September 15, 2018, Ms. Fenton noticed Fitch staring at her in a way that seemed more than platonic. Upon returning to work that following Monday, Fitch commented on Ms. Fenton's dancing and that she seemed to be enjoying herself. Shortly thereafter, Fitch began messaging Ms. Fenton on Fruitland High School's google account. The messages started out friendly and flirtatious, but Fitch quickly escalated the content of the messages to be sexual in nature.

14.     By September 20, 2018, Fitch was sending Ms. Fenton unsolicited sexual emails to her personal email account under the alias of "Taylor Roark." Fitch obtained Ms. Fenton's personal email account from her records with FSD, a tactic he had used with other student and staff victims. From September 20, 2018 to October 1, 2018, Fitch sent Ms. Fenton approximately sixty-eight (68) emails, the vast majority of them graphically sexual in nature. Fitch sent emails during school/work hours and he demanded that Ms. Fenton reply or respond to the emails he sent her.

15.     From September 20, 2018 through October 1, 2018, Fitch sent approximately fourteen (14) emails that consisted of erotica stories, outlining in graphic detail the sexual acts he would like to perform on Ms. Fenton or would like Ms. Fenton to perform on him. Ms. Fenton did not respond to any of the erotica story emails communicating that she liked the stories. In fact, Fitch demanded that Ms. Fenton respond to his erotica stories and tell him what she prefers in sexual acts. Ms. Fenton was extremely intimidated and threatened by Fitch's conduct and felt as

though she could not tell him to stop.

16.     From September 24, 2018 through September 29, 2018, Fitch sent Ms. Fenton eighteen (18) graphically sexual emails, including pornography. Ms. Fenton did not respond to Fitch's emails until the evening of September 29, 2018 wherein she informed Fitch that she was not wanting to participate in his graphic sexual conversations. Ms. Fenton informed Fitch on September 29, 2018, September 30, 2018, and October 1, 2018 that she was unwilling to participate in his sexual emails. Fitch sent Ms. Fenton sexually explicit emails, texts, and snap chats to her personal account and work chat account.

17.     When it became clear that Ms. Fenton was not going to cooperate with Fitch's demands over email, he decided to take matters into his own hands. Beginning on September 28, 2018, Fitch began sexually assaulting Ms. Fenton and showing up in Ms. Fenton's office with an erection.

18.     On or about September 28, 2018, Fitch followed Ms. Fenton to the copy room, where he grabbed her hand and placed it on his erect penis. Fitch also sent Ms. Fenton an unsolicited photograph of his erect penis.

19.     On or about October 1, 2018, Fitch entered Ms. Fenton's office, grabbed her ponytail, and forced her head into his groin area in an attempt to force Ms. Fenton to give him oral sex. Ms. Fenton had to forcefully yank back her head and exclaimed "what are you doing?" After he assaulted Ms. Fenton, Fitch sent her an email apologizing for being "overzealous."

20.     From September 20, 2018 to October 1, 2018, Fitch regularly attempted to pressure Ms. Fenton to have sex or sexual contact with him. This included asking Ms. Fenton her "preferences" and attempting to set up times to meet. Ms. Fenton denied his advances.

21.    In the month of October 2018, Fitch engaged in the following conduct:

    a.  Regular and repeated non-consensual touching of Ms. Fenton in the break room while commenting that Ms. Fenton "looked hot;"

    b.  Regularly and repeatedly showed Ms. Fenton his erection through his pants;

    c.  Putting his tongue between a V shape he made with his fingers while looking at Ms. Fenton to simulate oral sex;

    d.  Offered Ms. Fenton money for sex and asked her how much she would charge for certain sex acts;

    e.  Told Ms. Fenton to stay and work a football game so he could "fuck her in the vault;"

    f.  Demanded Ms. Fenton send him nude photos or videos of herself;

    g.  Told Ms. Fenton to meet him in the band room to have sex because "there were no cameras in there;"

    h.  Insisted that Ms. Fenton come to his residence while his family was on vacation in Hawaii;

    i.  Told Ms. Fenton he wanted to participate in a threesome with her;

    j.  Regularly and repeatedly talked about anal sex and attempted to pressure Ms. Fenton into have anal sex with him;

    k.  Went into Ms. Fenton's office and told Ms. Fenton to put her hand down her pants and into her vagina while he watched.

22.    On October 23, 2018, under the constant demands and pressure of Fitch, Ms. Fenton sent a photograph of her backside in underwear, hoping this would placate Fitch and he would cease his harassing of her. Fitch then sent Ms. Fenton multiple videos and pictures of himself masturbating and of his erect penis to her personal account from his alias account. One of the videos sent by Fitch to Ms. Fenton was made during school hours on school property and the high school announcements can be heard in the background of the video.

23.     During the week of November 11, 2018, Fitch offered Ms. Fenton $300.00 for her to perform oral sex on him.

24.     Beth Holt, FSD's Athletic Director, noticed that Fitch was following Ms. Fenton around Fruitland High School and noticed that Fitch was keeping his office door locked and blinds shut.

25.     Wendy Stoker, Fruitland High School's Counselor, noticed Fitch targeting Ms. Fenton and warned Ms. Fenton of Fitch's reputation and prior conduct with female students and staff.

26.     In November of 2018, Beth Holt asked Ms. Fenton if Fitch was harassing her. Ms. Fenton became emotional and confided in Ms. Holt the harassment and assaults she endured from Fitch. Ms. Holt reported the conduct to the Idaho State Police (hereinafter "ISP") and Ms. Fenton was contacted by detectives with the ISP for an interview.

27.     Fitch engaged in the above referenced conduct while he was under criminal investigation by the ISP for sexual conduct with underage girls at Fruitland High School. FSD and the School Board were aware of the ISP investigation, yet kept Fitch employed as acting Principal of Fruitland High School. Ms. Fenton believes, based on information she received, that Ms. Fabricius met with the Payette County Prosecutor while Fitch was under investigation, but prior to him being placed on administrative leave.

28.     The ISP investigation into Fitch began in August or early September of 2018.

29.     On November 15, 2018, Ms. Fenton was interviewed by the ISP. On November 16, 2018, Fitch was removed from Fruitland High School, but it is unclear if he was placed on administrative leave at that time.

30.     Ms. Fabricius became the acting administrator at Fruitland High School, yet FSD refused to definitively state whether or not Fitch was placed on administrative leave.

31.     Ms. Fabricius and FSD did not provide Ms. Fenton any information on how to file a sexual harassment complaint and did not initiate any form of investigation until Ms. Fenton raised the issue. Ms. Fenton made a formal sexual harassment report on December 18, 2018.

32.     After Ms. Fenton was interviewed by the ISP, Ms. Fabricius, and the administration, isolated and ignored Ms. Fenton and left her without any support. This is despite their knowledge of the egregious behavior of Fitch. Ms. Fabricius was cold toward Ms. Fenton and treated her as a pariah. The public communications by FSD adopted the words of Fitch's criminal attorneys. Ms. Fenton was treated as an inconvenience and a troublemaker for raising her concerns and participating in the ISP investigation.

33.     After Fitch was removed from Fruitland High School, Ms. Fenton was left alone in her office and Ms. Fabricius and the administration failed to check on her well-being. Ms. Stoker noticed Ms. Fenton's isolation and emotional distress and moved her office to be near Ms. Stoker. Ms. Fabricius informed Ms. Fenton that Fitch would be allowed to drop his children off at the same school Ms. Fenton's children attended. Ms. Fabricius also told Ms. Fenton that Fitch would like to attend his daughter's basketball games. Ms. Fenton informed Ms. Fabricius that she was uncomfortable with the proposition because her daughter plays in the same games. There were no accommodations made, nor any effort toward making accommodations on Ms. Fenton's behalf to protect her safety and security.

34.     Ms. Fenton continued to do her job and finished the 2018/2019 school year. Upon return to her job after summer break, Ms. Fenton learned that her work location had been moved to the computer lab and she had been reassigned as the Computer Lab Monitor. Ms. Fenton did

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

not agree to this change in position and no one with FSD discussed the position with Ms. Fenton prior to changing her position. This act further isolated Ms. Fenton.

35.     Ms. Fenton advised Ms. Fabricius that working in the Fruitland High School building was triggering for her and she requested an accommodation allowing her to work elsewhere for FSD. Ms. Fabricius advised Ms. Fenton that the only option available to her was to take a teacher's aide position with pay at nine dollars an hour, a significant demotion and pay cut from Ms. Fenton's position at the time. Ms. Fabricius offered no other support or assistance. Ms. Fabricius acted annoyed at Ms. Fenton's continued trauma and treated her coldly. Ms. Fenton accepted the teacher's aide position in attempt to eliminate the emotionally triggering environment of working at Fruitland High School.

36.     On August 28, 2019, due to the intolerable conditions created by FSD, Ms. Fenton was constructively discharged from her employment.

37.     The sexual harassment and assault of Ms. Fenton was not an isolated incident. Fitch has a well-known history of harassing and/or assaulting female students and staff at Fruitland High School. This conduct was known amongst the administration and staff at Fruitland High School. Further, Fitch has a well-known history of bullying male students and athletes at Fruitland High School.

38.     FSD and the School Board were aware of at least six other potential victims of Fitch's harassment. Fitch was brazen and blatant in his conduct. Fitch's inappropriate conduct with students and staff at Fruitland High School was common knowledge within FSD.

39.     Ms. Fabricius received reports of Fitch's sexual misconduct/harassment of students and staff in March 2018, April 2018, May 2018, and August of 2018. In March of 2018, Beth Holt informed Ms. Fabricius of the suspected conduct of Fitch toward female students and Ms.

Fabricius handed her a tissue and said, "you need to let this go so you can function at work." Additionally, FSD tried to dissuade victims from coming forward, by claiming to "not know what the process" was for making a complaint of sexual harassment/assault against Fitch.

40.    All of these warnings occurred prior to Ms. Fenton being employed by FSD. Yet, FSD, the School Board, and Ms. Fabricius failed to conduct any investigation or take any steps to protect Ms. Fenton and other students and staff at Fruitland High School.

41.    As a result of Defendants' actions and inactions, Ms. Fenton suffered severe emotional distress including depression, anxiety, loss of appetite, and inability to sleep.

## COUNT ONE

### GENDER DISCRIMINATION/ SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000(e) *ET SEQ.* AS AMENDED

### (Against Defendants FSD and the School Board)

42.    Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

43.    Under the provisions of Title VII of the Civil Rights Act of 1964, Ms. Fenton is a covered employee, and FSD, an employer with over fifteen employees, is a covered entity.

44.    FSD and the School Board, through the acts of the above-mentioned individuals throughout Ms. Fenton's employment, created an abusive and hostile work environment in which Ms. Fenton was harassed and discriminated against because of her gender. Such actions were severe enough to alter Ms. Fenton's job and created a hostile working environment.

45.    The sexual harassment that Ms. Fenton endured was unwelcome, offensive, and severe and pervasive.

46.     The wrongful treatment concerning Ms. Fenton's terms and conditions of employment by FSD violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000€, *et seq.*, and constituted gender discrimination and harassment.

47.     Defendants FSD and the School Board committed the acts alleged, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Ms. Fenton from an improper and evil motive amounting to malice, and in conscious disregard of Ms. Fenton's rights. Ms. Fenton may thus recover punitive damages from Defendants FSD and the School Board in amount to be proven at trial.

48.     Ms. Fenton is entitled to recover damages, including back and front pay and lost benefits, compensatory and punitive damages, and attorney fees because of Defendants FSD and the School Board's discriminatory conduct.

49.     Ms. Fenton is further entitled to recover attorney fees and costs incurred in prosecuting this action pursuant to Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act.

## COUNT TWO

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000(e) *ET SEQ.* AS AMENDED

### (Against Defendants FSD, the School Board, and Ms. Fabricius)

50.     Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

51.     Ms. Fenton was interviewed by the ISP on November 15, 2018, regarding the sexual assault and harassment committed by Fitch. Fitch was removed from school grounds on November 16, 2018 and was eventually placed on administrative leave.

52.     Neither FSD nor Ms. Fabricius initiated a sexual harassment investigation into Fitch until Ms. Fenton requested information on the sexual harassment reporting procedure and initiated the process herself. Ms. Fenton filed a sexual harassment report on December 18, 2018. Ms. Fenton was not advised of the status or outcome of the report after she had filed it.

53.     Ms. Fenton engaged in protected activity by reporting Fitch's conduct to Beth Holt and Ms. Fabricius, participating in the ISP investigation regarding Fitch's conduct, and filing a formal sexual harassment report with FSD.

54.     Defendants FSD, School Board, and Ms. Fabricius wrongfully retaliated against Ms. Fenton for engaging in protected activity of complaining about her sexual harassment by Fitch and participating in the ISP investigation in violation of Title VII of the Civil Rights Act of 1964.

55.     Defendants FSD, School Board, and Ms. Fabricius created a hostile working environment by taking such discriminatory and retaliatory actions against Ms. Fenton referenced above.

56.     Defendants wrongfully retaliated against Ms. Fenton by taking adverse employment action against her, including constructively terminating Ms. Fenton for engaging in protected activity.

57.     Defendants committed the acts alleged, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Ms. Fenton from an improper and evil motive amounting to malice, and in conscious disregard of Ms. Fenton's rights. Ms. Fenton may thus recover punitive damages from Defendants in amounts to be proven at trial.

## COUNT THREE

### GENDER DISCRIMINATION/ SEXUAL HARASSMENT/ SEXUALLY HOSTILE CULTURE IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §1681(a)

### (Against all Defendants)

58.     Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

59.     FSD receives federal funding and is subject to Title IX of the Education of Amendments of 1972, 20 U.S.C. § 1681(a) (hereinafter referred to as Title IX).

60.     Title IX protects employees and students of an education institution, including FSD, from gender discrimination and harassment.

61.      Defendants' actions and omissions constitute unlawful discrimination against Ms. Fenton in violation of her rights under Title IX.


62.     Defendants and numerous responsible authorities and administrative employees had actual knowledge of Fitch's harassment and sexually hostile conduct toward female students and staff prior to Ms. Fenton's employment with FSD.

63.     Defendants created a deliberately indifferent and sexually hostile culture by failing to address the reports and incidents of sexual harassment/ inappropriate conduct by Fitch.

64.     Defendants failed to follow any of the requirements under Title IX for addressing and/or investigating reports and incidents of sexual harassment and discrimination by Fitch.

65.     Defendants dissuaded victims of Fitch's sexual harassment and misconduct from coming forward, by ignoring previous reports and complaints and failing to act.

66.     Defendants failed to educate staff and students of their rights to be protected from

gender discrimination under Title IX.

67.     Defendants failed to discipline Fitch for any reports of sexual harassment or misconduct.

68.     Defendants' deliberate indifference and sexually hostile policies and practices were a direct and proximate cause of Ms. Fenton enduring over two months of sexual harassment and assault by Fitch.

69.     Defendants violated Ms. Fenton's right under Title IX by failing to properly investigate Ms. Fenton's accusation of sexual harassment against Fitch.

70.     The sexual harassment that Ms. Fenton suffered was severe, pervasive, and objectively offensive.

71.     As a direct and proximate cause of Defendants deliberate indifference and sexually hostile environment Ms. Fenton suffered damages and injuries for which Defendants are liable, Ms. Fenton may thus recover punitive damages from Defendants in amounts to be proven at trial.

## COUNT FOUR
## RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §1681(a)

### (Against Defendants FSD, the School Board, and Ms. Fabricius)

72.     Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

73.     FSD receives federal funding and is subject to Title IX of the Education of Amendments of 1972, 20 U.S.C. § 1681(a).

74.     Title IX prohibits retaliation against students and employees who report sexual harassment or engage in protected activity.

75.     Ms. Fenton was interviewed by the ISP on November 15, 2018 regarding the sexual

assault and harassment committed by Fitch. Fitch was removed from school grounds on November 16, 2018 and eventually placed on administrative leave.

76.     Neither FSD nor Ms. Fabricius initiated a sexual harassment investigation into Fitch until Ms. Fenton requested information on the sexual harassment reporting procedure and initiated the process herself. Ms. Fenton filed a sexual harassment report on December 18, 2018. Ms. Fenton was not advised of the status or outcome of the report after she had filed it.

77.     Ms. Fenton engaged in protected activity by reporting Fitch's conduct to Beth Holt and Ms. Fabricius, participating in the ISP investigation regarding Fitch's conduct, and filing a formal sexual harassment report with FSD.

78.     Defendants FSD, the School Board, and Ms. Fabricius wrongfully retaliated against Ms. Fenton for engaging in protected activity of complaining about her sexual harassment by Fitch in violation of Title IX.  Defendants FSD, the School Board, and Ms. Fabricius created a hostile working environment by taking such discriminatory and retaliatory actions against Ms. Fenton referenced above.

79.     Defendants FSD, the School Board, and Ms. Fabricius wrongfully retaliated against Ms. Fenton by taking adverse employment action against her, including constructively terminating Ms. Fenton for engaging in protected activity.

80.     Defendants FSD, the School Board, and Ms. Fabricius committed the acts alleged, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Ms. Fenton from an improper and evil motive amounting to malice, and in conscious disregard of Ms. Fenton's rights. Ms. Fenton may thus recover punitive damages from Defendants FSD, the School Board, and Ms. Fabricius in amounts to be proven at trial.

<u>COUNT FIVE</u>
<u>VIOLATION OF THE IDAHO PROTECTION OF PUBLIC EMPLOYEES ACT</u>

<u>(Against Defendants FSD, the School Board, and Ms. Fabricius)</u>

81.     Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

82.     FSD at all times herein mentioned, was and now is an employer within the meaning of the Idaho Protection of Public Employees Act Idaho Code §§ 6-2101- 6-2109, Idaho Code § 6-2104(1)(b).

83.     From August 27, 2018 to and through August 28, 2019, Ms. Fenton was employed by FSD and was an "employee" within the meaning of the Idaho Protection of Public Employees Act.

84.     An employer is liable for the adverse employment action of an employee where the motivation for the action contravenes the Idaho Protection of Public Employees Act.

85.     An important right recognized by of the Idaho Protection of Public Employees Act is that an employer may not take adverse employment actions against an employee on the basis of the employee's good faith communication regarding the waste of manpower or public funds, or a violation or suspected violation of Idaho law or United States Law. The Idaho Protection of Public Employees Act also prohibits an employer from taking adverse employment action against an employee as a result of the initiation of, or participation in an investigation.

86.     Defendants FSD, the School Board, and Ms. Fabricius's adverse employment action taken against Ms. Fenton referenced above because she reported Fitch's sexual harassment violation with federal and state law and initiated or participated and provided necessary information during the investigation of Fitch constituted a material breach of the aforementioned Idaho statute.

87. As a direct and proximate result of Defendant FSD, the School Board, and Ms. Fabricius's breach of the Idaho Protection of Public Employees Act, Ms. Fenton has suffered damages in excess of $10,000 to be proven with specificity at trial.

88. Ms. Fenton is entitled to recover her attorney fees and costs incurred in pursuing this matter pursuant to Idaho Code § 12-121 and §§ 6-2105 - 6-2106.

89. Ms. Fenton hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

**COUNT SIX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

90. Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

91. Defendants acting individually and/or through their employees and/or agents have engaged in intentional outrageous conduct relative to their treatment of Ms. Fenton during her employment at Fruitland High School, as set forth above.

92. Defendants' outrageous conduct has caused Ms. Fenton to suffer severe, emotional distress and suffer damages in an amount to be proven at trial.

**COUNT SEVEN**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

93. Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

94. Defendants engaged in negligent, reckless, willful, wanton, and/or otherwise tortious conduct relative to her sexual harassment while employed at FSD which caused Ms.

Fenton to suffer severe, emotional distress.

95.     Ms. Fenton's severe, emotional distress resulted in physical manifestations of that distress, including, but not limited to, difficulty sleeping, heightened anxiety, loss of appetite, listlessness, and/or fatigue.

96.     Defendants' negligent, reckless, willful, wanton, and/or otherwise tortious conduct caused Ms. Fenton to suffer damages in an amount to be proven at trial.

## COUNT EIGHT
## CIVIL BATTERY

### (Against Defendant Fitch)

97.     Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

98.     On numerous occasions between September 28, 2018 and November 2018, Fitch intentionally, and without Ms. Fenton's permission, touched Ms. Fenton by grabbing her hand and placing it onto his erect penis and grabbing Ms. Fenton by the ponytail and forcing her head into his groin area.

99.     Ms. Fenton did not permit or consent to Fitch grabbing her hand and placing it onto his erect penis nor did she permit or consent to having her ponytail grabbed by Fitch and her head shoved into his groin. Fitch knew or should have known that these forced acts of physical touching were not permitted because Ms. Fenton had never given Fitch permission to commit such acts, and further, because these forced acts of physical touching occurred at Fruitland High School, Fitch, and Ms. Fenton's place of work.

100.    Fitch's intentional touching of Ms. Fenton as described above constitutes unlawful, harmful, and offensive acts and caused Ms. Fenton to suffer damages in an amount to be proven at trial.

COMPLAINT AND DEMAND FOR JURY TRIAL - 18

## COUNT NINE
## CIVIL ASSAULT

### (Against Defendant Fitch)

101.    Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

102.    Between September 2018 and November 2018, Fitch constantly sent Ms. Fenton very graphic and descriptive emails describing what Fitch wanted to do, sexually, to Ms. Fenton.

103.    These emails contained references to sexually violent acts that Fitch was planning to do to Ms. Fenton.

104.    As a result of these emails, Ms. Fenton feared that Fitch would actually commit these described acts upon Ms. Fenton.

105.    Fitch's constant sexually graphic and violent emails to Ms. Fenton at her place of work caused Ms. Fenton to suffer damages in an amount to be determined at trial.

## COUNT TEN
## CIVIL RIGHTS CLAIM—EIGHTH AND FOURTEENTH
## AMENDMENTS — 42 U.S.C. § 1983

### (Against all Defendants)

106.    Ms. Fenton incorporates herein by reference all the foregoing and following allegations of the Complaint.

107.    Defendants were deliberately indifferent to Ms. Fenton's rights under the Eighth and/or Fourteenth Amendments of the U.S. Constitution in one or more of the following ways:

   a.  Defendants had adopted a policy, custom, or practice of ignoring complaints and reports against Fitch and other staff for sexual harassment and predatory behavior toward female students and staff;

   b.  Defendants had adopted a policy, custom, or practice of allowing Fitch to conspicuously harass female students and staff;

c.  Defendants had adopted a policy, custom, or practice of failing to investigate complaints/reports/ observations of Fitch's sexual harassment and inappropriate conduct toward female students and staff;

d.  Defendants failed to properly train all staff, employees, volunteers, or coaches of FSD on how to identify sexual harassment and predatory behavior. This failure led to an inability and unwillingness of Defendants and other FSD employees to recognize and report Fitch's inappropriate and harassing conduct toward female students and staff. This failure allowed Fitch's conspicuous predatory behavior to go unchecked.

e.  Defendants failed to educate students and staff to recognize and report sexual harassment or sexually hostile conduct;

108.  As a direct result of the actions and inactions of Defendants as set forth in this Complaint, Ms. Fenton endured and suffered severe physical, mental, and emotional distress.

109.  The actions and inactions of Defendants were deliberately indifferent to the civil rights of Ms. Fenton, and callously disregarded Ms. Fenton's physical safety, and punitive damages should be awarded in the amount to be determined by a jury.

110.  Ms. Fenton is entitled to her necessary and reasonable attorney fees and costs incurred in the prosecution of this action pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Megan Fenton prays for judgment against Defendants as a result of the acts and omissions and conduct of Defendants set forth herein as follows:

1.  Award Plaintiff back pay, pre-judgment interest, back fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above in an amount to be proven at trial;

2.  Award Plaintiff front pay, front fringe benefits, and other future compensation in an amount to be proven at trial;

3.      Award compensatory damages for emotional distress, pain and suffering, and other noneconomic damages in an amount to be proven at trial;

4.      Award Plaintiff punitive damages for violations of Title VII of the Civil Rights Act of 1964, U.S.C. § 2000(e) as plead in Counts One and Two of this Complaint;

5.      Award Plaintiff punitive damages for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) as plead in Counts Three and Four of this Complaint;

6.      Award Plaintiff punitive damages for violations of her Civil Rights under 42 U.S.C. § 1983;

7.      Award Plaintiff the costs of this action, including reasonable attorney fees; and

8.      Award Plaintiff such other and further legal and equitable relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).


DATED:  This _19_ day of November 2019.

JOHNSON & MONTELEONE, L.L.P.


Sam Johnson
Attorney to Plaintiff