Brian K. Julian, ISB No. 2360
James R. Stoll, ISB No. 7182
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail:  bjulian@ajhlaw.com
          jstoll@ajhlaw.com
ICourt/e-File: service

Attorneys for Defendants
Fruitland School District No. 373;
Fruitland School District No. 373
Board of Trustees; Teresa Fabricius

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MEGAN FENTON**, an individual<br><br>                    Plaintiff,<br><br>vs.<br><br>**FRUITLAND SCHOOL DISTRICT NO. 373; FRUITLAND SCHOOL DISTRICT NO. 373 BOARD OF TRUSTEES; TERESA FABRICIUS,** an individual; **MICHAEL RAY FITCH,** an individual; and **JOHN/JANE DOES I through X,** whose true identities are presently unknown<br><br>                    Defendants. | Docket No.  1:19-cv-00447-CWD<br><br>**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, defendants Fruitland School District No. 373 (the "District"), Fruitland

School District No. 373 Board of Trustees (the "Board") and Teresa Fabricius (collectively,

"these Defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answers the Plaintiff's Complaint and Demand for Jury Trial as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these answering defendants upon which relief can be granted.

### SECOND DEFENSE

These Defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

### PARTIES

1-4.    Paragraphs 1-4 of the Complaint are admitted.

5.    Regarding Paragraph 5 of the Complaint, these Defendants admit only that defendant Michael Ray Fitch acted as the Principal of Fruitland High School until he was placed on administrative leave on November 16, 2018, and later resigned on or around April 18, 2019, and thus deny that he was the Principal of Fruitland High "at all relevant times."

6.    Regarding Paragraph 6 of the Complaint, these Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

### JURISDICTION AND VENUE

7-8.    Defendants admit Paragraphs 7-8 of the Complaint.

### FACTS COMMON TO ALL COUNTS

9.    Regarding Paragraph 9 of the Complaint, these Defendants admit that Fitch was hired by the District as a history teacher in 1990 and that he served as the Principal of Fruitland High School beginning in 2010. These Defendants deny that Fitch remained as the acting Principal of Fruitland High School until his resignation in 2019, and further aver that Fitch was

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2

placed on administrative leave on November 16, 2018, which was approximately five months prior to his resignation. These Defendants admit that Fitch resigned subsequent to a District and criminal investigation and subsequent criminal charges concerning Plaintiff. These Defendants lack knowledge or information sufficient to form a belief as to Fitch's reasons for the resignation and therefore deny the same. These Defendants deny knowledge of any charges or investigations concerning other female staff. Defendants admit that Fitch was the basketball coach at Fruitland High School from approximately 1999-2018.

10.     Regarding Paragraph 10 of the Complaint, these Defendants admit only that various vague hearsay rumors about Fitch were communicated to Ms. Fabricius in 2018. When these vague hearsay rumors were communicated, little to no information was provided, including the names of the alleged victims, the dates of the alleged offenses, or any first-hand claims or reports by any alleged victim. Notwithstanding, Ms. Fabricius consulted with the District's attorney and was advised that no investigation could be initiated merely on hearsay rumors. All individuals that came to Ms. Fabricius with hearsay rumors were encouraged to bring any and all additional information they learned of to Ms. Fabricius. None of these individuals ever produced any first-hand knowledge of inappropriate conduct, and none of the unnamed alleged victims ever reported any misconduct to Ms. Fabricius or the Board.

The Idaho State Police never interviewed Ms. Fabricius regarding its investigation of Fitch. Ms. Fabricius was informed of the investigation through one of the District's employees on approximately September 27, 2018. After becoming aware of the investigation, Ms. Fabricius immediately attempted to contact Payette County Prosecutor, Ross Pittman, who was out of the office. She was first able to speak with Mr. Pittman on October 1, 2018, at which time she was formally informed of the law enforcement investigation regarding Fitch and former students.

Mr. Pittman stressed that her knowledge of the investigation must be kept completely confidential.  Ms. Fabricius was not told any specifics of the investigation at that time.  Ms. Fabricius told Mr. Pittman she assumed if there was any imminent danger he would tell her.  He responded, "absolutely".  He told her that if the investigation uncovered any threats to students he would notify her immediately.  Because Ms. Fabricius had not received any first hand complaints by any alleged victim or from anyone with first-hand information and, based upon Mr. Pittman's assurances there was no current threat to students or staff, Ms. Fabricius decided to defer to the law enforcement investigation upon the advice of the District's attorney.

From October 1, 2018 to November 15, Ms. Fabricius diligently followed up with Mr. Pittman multiple times to inquire into the status of the investigation and for assurance that there was no present risk to the safety of students and staff.  At no time during any of these conversations did Mr. Pittman ever notify Ms. Fabricius of any current threat to students or staff at the school, as he indicated he would, should his investigation reveal such a threat.  Mr. Pittman told Ms. Fabricius the investigation was on-going, and did not believe criminal charges would be filed against Mr. Fitch.  While Mr. Pittman indicated he was willing to share information from the investigation with Ms. Fabricius, he cautioned the investigation was not complete and other witnesses needed to be interviewed.  Mr. Pittman agreed to share the investigative report after it was redacted to protect the identities of the witnesses.

Ms. Fabricius did not become aware the law enforcement investigation involved the Plaintiff until November 15, 2018, when she was told by Ms. Holt that Plaintiff had interviewed with law enforcement that morning.

Due to delays by the Prosecutor's office in redacting sensitive information, Ms. Fabricius was not permitted to review a copy of the investigation report until November 15, 2018, when

she contacted Mr. Pittman after being informed of Plaintiff's interview that day.   After reviewing the report later that day, Ms. Fabricius immediately took steps necessary to place Fitch on administrative leave, which occurred through formal Board action the following day, Friday, November 16, 2018.

On Monday, November 19, 2018, the District initiated its investigation of Fitch for alleged inappropriate conduct with students and staff, including the Plaintiff.

11.    Paragraph 11 of the Complaint is admitted.

12.    Regarding Paragraph 12 of the Complaint, these Defendants admit that Fitch was the Principal of Fruitland High School and that he was the highest ranked administrator at Fruitland High School.   These Defendants also admit Wendy Stoker was Plaintiff's direct supervisor, but that as the school's principal, Fitch supervised all employees within the school. These Defendants deny that Fitch or any other District employee, ever disciplined, or took any adverse employment action against the Plaintiff, up to and including termination. Plaintiff's separation from employment was entirely voluntary.

13.    Regarding Paragraph 13 of the Complaint, these Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff allegedly noticed at a non-District sponsored social function that occurred off District property. These Defendants also lack knowledge or information sufficient to form a belief as to what comments, if any, Fitch allegedly made to Plaintiff upon returning to work on an unspecified day.  These Defendants have not seen any e-mails between Fitch and Plaintiff through the school's google account, and therefore deny these allegations for lack of information, knowledge or belief.

14.    Regarding Paragraphs 14-15 of the Complaint, these Defendants are aware of only one e-mail that was sent from Fitch's personal e-mail account to Plaintiff on September 20,

2018, and further aver that Plaintiff responded to the email with a sexually explicit e-mail detailing various sexual acts she wanted Fitch to perform on her. Plaintiff's responsive e-mail came from her personal e-mail account. The District first became aware of these e-mails in the Spring of 2019. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

15.     Regarding Paragraph 16 of the Complaint, these Defendants are aware of only one e-mail that was sent from Fitch's personal e-mail account to Plaintiff on September 20, 2018, and further aver that Plaintiff responded to the email with a sexually explicit e-mail detailing various sexual acts she wanted Fitch to perform on her. These Defendants further admit that none of the allegations raised by the Plaintiff in this Paragraph were ever reported by Plaintiff to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations prior to Plaintiff interviewing with the Idaho State Police on November 15, 2018. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

16.     Regarding Paragraphs 17-21 of the Complaint, these Defendants admit only that none of the allegations raised by the Plaintiff in this Paragraph were ever reported by Plaintiff to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations prior to Plaintiff interviewing with the Idaho State Police on November 15, 2018. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

17.     Regarding Paragraph 22 of the Complaint, these Defendants admit that Plaintiff sent a photograph to Fitch, depicting herself from behind, topless and bending over, legs spread and, clothed only in her underwear. The District first became aware of this photo in the Spring

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

of 2019. With regard to Plaintiff's allegations against Fitch, these Defendants admit only that none of the allegations raised by the Plaintiff in this Paragraph were ever reported by Plaintiff to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations prior to Plaintiff interviewing with the Idaho State Police on November 15, 2018. These Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations and therefore deny the same.

18.     Regarding Paragraph 23 of the Complaint, these Defendants admit only that none of the allegations raised by the Plaintiff in this Paragraph were ever reported to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations prior to Plaintiff interviewing with the Idaho State Police on November 15, 2018.   These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

19.     Regarding Paragraph 24 of the Complaint, these Defendants lack knowledge or information sufficient to form a belief as to what Ms. Holt allegedly noticed, and therefore deny the same.  These Defendants admit only that Ms. Holt's alleged observations regarding Fitch's office door and blinds were never communicated to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations.

20.     Regarding Paragraph 25 of the Complaint, these Defendants lack knowledge or information sufficient to form a belief as to what Ms. Stoker allegedly noticed, and therefore deny the same.  These Defendants admit only that Ms. Stoker's alleged observations regarding Fitch allegedly "targeting" Plaintiff and that Ms. Stoker allegedly "warned" Plaintiff of Fitch's alleged reputation and alleged prior conduct with female students and staff, were never

communicated to Ms. Fabricius or the Board, and Ms. Fabricius and the Board had no actual knowledge of these allegations.

These Defendants also admit Ms. Stoker told law enforcement officers during a December 17, 2018 interview, "The Mr. Fitch she knew prior to the issues currently under investigation is not the same Mr. Fitch she had worked with for approximately the past four years, and until Ms. [Plaintiff] confided in her the issues she was having with Mr. Fitch, she would never have believed there were issues." She also told law enforcement she had no personal knowledge regarding any issues between Fitch and students.

21.     Regarding Paragraph 26 of the Complaint, these Defendants deny the allegation that Ms. Holt asked Plaintiff if Fitch was "harassing" her for lack of information, knowledge or belief.  These Defendants admit only that Plaintiff told Ms. Holt about alleged communications and actions of Fitch on November 14, 2018, and that based upon what she was told, Holt informed Plaintiff that she was going to report the allegations to law enforcement.   These Defendants further admit that Plaintiff interviewed with the Idaho State Police on November 15, 2018.  These Defendants deny that Ms. Holt or Ms. Fenton ever reported the November 14th conversation or the communications or actions shared by Plaintiff during this communication, to Ms. Fabricus or the Board until November 15, 2018, when Ms. Holt informed Ms. Fabricius that Ms. Fenton interviewed with the Idaho State Police that same day.

22.     Regarding Paragraph 27 of the Complaint, please refer to these Defendants' Answer to Paragraph 10 above.

23.     Regarding Paragraph 28 of the Complaint, these Defendants lack knowledge or information as to when the Idaho State Police investigation commenced.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

24.     Regarding Paragraph 29 of the Complaint, these Defendants admit only that Ms. Fenton was interviewed by the Idaho State Police on November 15, 2018, which is the same day these Defendants became aware of the Plaintiff's allegations regarding Fitch.  Fitch was placed on administrative leave through formal Board action on November 16, 2018.

25.     Regarding Paragraph 30 of the Complaint, these Defendants admit only that Ms. Fabricius served as the acting administrator at Fruitland High School after Fitch was placed on administrative leave.  The decision to place Fitch on administrative leave was set forth in the November 16, 2018 public meeting Board minutes and posted on the District's website.  In accordance with Idaho law, Fitch was identified as "Employee A" in the Board minutes. Notwithstanding, Ms. Fabricius visited each District school and conveyed to the staff that Fitch was on leave.  Further, in a December 19, 2018 e-mail from Plaintiff to Ms. Fabricius, Plaintiff admitted the following: ". . . I had an interview with ISP on November 15th and was told not to come to work on the 16th.  When I returned to work on the 19th Mike Fitch was on Administrative leave . . . ."

26.     Regarding Paragraph 31 of the Complaint, these Defendants deny the allegation that Ms. Fabricius and the District failed to provide Plaintiff with any information on how to file a sexual harassment complaint.  These Defendants admit the reporting provisions for any person who believes she has been the victim of sexual harassment are clearly set forth in the employee handbook and on the District's website. The employee handbook includes the District's policy regarding harassment, bullying and intimidation. This policy complies with Title IX. Additionally, the District's policy regarding sexual harassment was readily available on the District's website at all relevant times.  Both policies instruct victims alleging sexual harassment by a principle to report the harassing conduct to the Superintendent. Additionally, the District

annually e-mails policies regarding harassment, bullying and intimidation to all District staff, together with other relevant training materials. If a potential reporting party had any questions as to how to report, the District's website provided contact information for the District's Title IX Director in two separate places. Ms. Fabricius was also available to answer questions.

On December 19, 2018, Plaintiff sent Ms. Fabricius an e-mail expressing her confusion as to the District's sexual harassment policy stating in pertinent part, "Are you able to discuss the policy with me because I've read it and it says any harassment or complaint shall be presented in writing does an interview with ISP not count as a writing? . . ." On December 20, 2018, Ms. Fabricius responded in pertinent part, "Thank you for your email and for letting me know your concerns and frustrations. You are welcome ANYTIME to come in and ask questions or express concerns. However, because of laws and requirements regarding personnel issues, there is and will be information I am not allowed to share. I know this is frustrating. I assure you that I am working hard to handle this situation in a completely legal, ethical manner." Following this e-mail exchange, Plaintiff never came to Ms. Fabricius with any questions or concerns regarding how to file a sexual harassment complaint. Notwithstanding, no written Complaint was required pursuant to the District's Sexual Harassment Policy because a third-party employee (Ms. Holt) informed Ms. Fabricius on November 15, 2018 of Plaintiff's allegations against Fitch, which Plaintiff had provided during her interview with law enforcement the same day.

At the time Ms. Fabricius received notice from Ms. Holt of Plaintiff's interview with law enforcement, Fabricius was in Boise. She left the conference and went to Fruitland High School and spoke with Ms. Stoker and confirmed that Stoker had made sure Plaintiff was okay. She then contacted Mr. Pittman and confirmed that Plaintiff had been interviewed earlier that day by law enforcement. Ms. Fabricius made arrangements to go to Mr. Pittman's office to review the

investigative report, which had not been previously available to her due to the difficulty his office experienced in redacting the document.  Based upon Plaintiffs allegations and the content of the law enforcement's investigation report, Ms. Fabricius met with the District's attorney that day and took immediate steps to place Fitch on administrative leave, which occurred through formal Board action the following day.

In accordance with District Policy, two business days after the District first became aware of Plaintiff's allegations against Mr. Fitch, the District hired an independent investigator to investigate the allegations raised by the Plaintiff against Fitch, as well as the allegations contained within the law enforcement report.

Plaintiff filed a formal Harassment Complaint on December 18, 2018.  She was not required to do this because the investigation initiated on November 19 included her claims. Notwithstanding, because she filed a separate Complaint, the District, with the advice of its attorney, determined that it would open a separate investigation related only to Plaintiff's allegations, resulting in two on-going investigations.   The investigation into Plaintiff's Complaint culminated in a report to the District on March 13, 2018.  The investigation's final report was slightly delayed so as to not interfere with the Idaho State Police's fact finding investigation that involved, in-part, Plaintiff's allegations against Fitch.

27.   Regarding Paragraph 32 of the Complaint, these Defendants deny Plaintiff was isolated and ignored and left without support. Prior to Plaintiff interviewing with law enforcement on November 15, 2018, Plaintiff's desk was located in a small office in the library by herself.  Following Plaintiff's report to law enforcement, Ms. Fabricius spoke with Ms. Stoker and confirmed she had checked on the Plaintiff to make sure she was okay.  Thereafter, Ms. Stoker, with knowledge of Ms. Fabricius and, out of concern for Plaintiff's emotional well-

being, made room in the counseling office at the High School for Plaintiff so she wouldn't feel isolated from other employees. Ms. Fabricius and Ms. Stoker believed this move would help Plaintiff feel supported. Plaintiff's desk remained in the counseling office with other employees for the remainder of the 2018/2019 school year.

These Defendants also deny that Ms. Fabricius was cold toward Plaintiff and treated her as a pariah or an inconvenience or troublemaker for raising her concerns and participating in the law enforcement action. On November 28, 2018, Plaintiff sent an e-mail to Ms. Fabricius describing a new memory of alleged harassment by Fitch and the stress she was feeling related to her reporting and public perception of the same. She ended her e-mail, "I'm not sure if this is a personal day or a sick day and I don't care either way, but I can't come in today." The same day Ms. Fabricius responded in pertinent part, "Thank you very much for sharing this information. I assure you I will follow up on it. I[f] there anything else you want to share, do not hesitate to contact me at any time. You will not need to take a personal or sick day – I will enter the absence as an administrator-approved absence . . . ."

On December 19, 2018, Plaintiff sent Ms. Fabricius an e-mail expressing her confusion as to the District's sexual harassment policy stating in pertinent part, "Are you able to discuss the policy with me because I've read it and it says any harassment or complaint shall be presented in writing does an interview with ISP not count as a writing? . . ." On December 20, 2018, Ms. Fabricius responded in pertinent part, "Thank you for your email and for letting me know your concerns and frustrations. You are welcome ANYTIME to come in and ask questions or express concerns. However, because of laws and requirements regarding personnel issues, there is and will be information I am not allowed to share. I know this is frustrating. I assure you that I am

working hard to handle this situation in a completely legal, ethical manner." Despite this invitation, Plaintiff never came to Ms. Fabricius.

On February 25, 2019, Plaintiff sent Ms. Fabricius the following e-mail: "Hi Teresa, I'm not able to come to work tomorrow with everything going on, the emotional stress is like nothing I've ever been through before. I think I need to take some time to get myself to a good place emotionally. I only have a day or two of sick time left, I'm wondering what happens after that? I'm sorry I left abruptly this morning without telling you, but it was pretty traumatic when it all came out. Please let me know what I need to do or what my options are going forward." On February 25, 2019, Ms. Fabricius responded, "Megan, don't worry at all about being gone for awhile. Or about leaving today. Just take care of yourself. I'll e-mail you tomorrow with information on leave time. Let me know if there is anything else you need. Thank you for your message. I'll talk to you tomorrow. Take care, Teresa." The following day Ms. Fabricius sent Plaintiff the following e-mail, "Megan, I am entering administrator-approved absences for the rest of the week. I'm sorry I didn't email you earlier today. – I just realized I hadn't done it. Take care." Plaintiff returned to work March 6, 2019. Ms. Fabricius entered all time as administrator-approved absences, in an effort to be supportive of Plaintiff's circumstances.

These Defendants also deny they adopted any public communications regarding Plaintiff's allegations. These Defendants deny all other allegations contained in this Paragraph.

28.     Regarding Paragraph 33 of the Complaint, these Defendants repeat their Answer to Paragraph 32 above in response to Plaintiff's claims in Paragraph 33 that "After Fitch was removed from Fruitland High School, Ms. Fenton was left alone in her office and Ms. Fabricius and the administration failed to check on her well-being."

These Defendants admit that on January 11, 2019, Fitch e-mailed Ms. Fabricius to ask whether he could attend his child's basketball games at the elementary school.  Ms. Fabricius made Plaintiff aware of Fitch's request.  On January 15, 2019, Plaintiff sent an e-mail to Ms. Fabricius stating that she wouldn't feel comfortable with Fitch having permission to be at the elementary school for basketball games.  On January 16, 2019, Ms. Fabricius e-mailed Fitch and informed him the District could not grant permission for him to be on school property unless the district required his presence.  Fitch was never granted permission to be on District Property.

On February 7, 2019, Fitch e-mailed Ms. Fabricius to ask whether he could drop his kids off at school.  Ms. Fabricius made Plaintiff aware of Fitch's request.  On March 1, 2019, Plaintiff sent an e-mail to Ms. Fabricius requesting to know whether the District had given Fitch the okay to drop his kids off at school?  On the same day, Ms. Fabricius responded, "no action has been taken on that.  Do you want to visit on the phone?" The District never responded to Fitch's request, and Fitch was never granted permission to be on District property.  Additionally, Plaintiff never responded to Ms. Fabricius' invitation to speak on the telephone.

These Defendants lack knowledge or information sufficient to form a belief as to what is meant by "accommodations" and therefore denies the remaining allegations.  These Defendants further aver that no accommodation was requested by Plaintiff. These Defendants deny all other allegations contained in this Paragraph.

29.     Regarding Paragraph 34 of the Complaint, these Defendants admit only that Plaintiff continued to perform her job and finished the 2018/2019 school year at Fruitland High School.  These Defendants admit that as part of preparation for an accreditation review, multiple personnel including the bookkeeper, Athletic Director, computer lab supervisor/attendance clerk and Plaintiff were shifted around the high school in an attempt at more efficient operations.

Plaintiff was not singled out.  The move of her office made sense for overall operations and for her specific position.

The prior computer lab supervisor/attendance clerk was responsible for attendance records. It was determined that because attendance records are tracked at the front office, this person should be relocated.

Plaintiff's position was funded with State grant money earmarked for college and career funds.   As part of her duties, Plaintiff was to help students with college and scholarship applications and to administer IDLA exams.  This required the use of computers, as well as someone to monitor the IDLA testing.  Prior to the move, Plaintiff's office was in the counseling office.  Her desk was one of two desks in that room, which was shared with the registrar and connected to the office of the Counselor and Achievement Specialist.  It was determined that this was not an efficient situation to address student questions and to assist them with college and scholarship applications, and to administer IDLA testing.   It was determined that moving Plaintiff's office to the computer lab would allow Plaintiff to more efficiently address college and career planning with students.

After moving Plaintiff's desk to the computer lab, her position remained the same.  Her title and job duties did not change, nor did her compensation or benefits.  She simply had the added responsibility of monitoring students in the lab.  Importantly, after Plaintiff left the high school (at her request), these Defendants filled her position, and the new employee's desk was also located in the computer lab for the same operation and efficiency reasons Plaintiff's desk was relocated there.  The office Plaintiff previously shared with the registrar remained occupied only by the registrar after Plaintiff left the high school.   These Defendants deny all other allegations contained in this Paragraph.

30.     Regarding Paragraph 35 of the Complaint, these Defendants admit only that on August 12, 2018, Plaintiff advised Ms. Fabricius that working at the High School was triggering, and requested to be transferred to another school in the District.  She expressed that it was her preference to work in the elementary school.  The Plaintiff was advised that the only open position available at the elementary was for a teacher's aide.  On August 15, 2018, the District's payroll clerk e-mailed Plaintiff to notify her that the teacher's aide position paid significantly less than her current position and asked whether Plaintiff still wanted to be considered for the transfer.  With knowledge of the pay difference, Plaintiff requested the transfer, was offered the position and accepted.  These Defendants did not suggest Plaintiff transfer, nor did they involuntarily transfer or demote the Plaintiff.  Rather, these Defendants double checked with Plaintiff to make sure she wanted the transfer given the reduction in pay. Plaintiff's position as College and Career Counselor was funded by earmarked state funds, which could not be utilized to fund the teacher's aide position at Plaintiff's prior rate of pay.  These Defendants deny all other allegations contained in this Paragraph.

31.     Paragraph 36 of the Complaint is denied.

32.     Regarding Paragraphs 37-41 of the Complaint, these Defendants deny actual knowledge of Fitch having "a well-known history of harassing and/or assaulting female students and staff at Fruitland High School" or that "This conduct was known amongst the administration and staff at Fruitland High School" or that Ms. Fabricius had received reports of Fitch's sexual misconduct/harassment of students and staff in March 2018, April 2018, May 2018, and August 2018". These Defendants admit only that various vague hearsay rumors about Fitch were communicated to Ms. Fabricius in 2018. When these vague hearsay rumors were communicated, little to no information was provided, including the names of the alleged victims, the dates of the

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 16**

alleged offenses, or any first-hand claims or reports by any alleged victim. Notwithstanding, Ms. Fabricius consulted with the District's attorney and was advised that no investigation could be initiated merely on hearsay rumors from a third-party. All individuals that came to Ms. Fabricius with hearsay rumors were encouraged to bring any and all additional information they learned of to Ms. Fabricius. None of these individuals ever produced any first-hand knowledge of inappropriate conduct, and none of the unnamed alleged victims ever reported any misconduct to Ms. Fabricius or the Board. These Defendants deny all other allegations contained in Paragraphs 37-41.

## COUNT ONE

### GENDER DISCRIMINATION/SEXUAL HARASSMENT
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000(e) *ET SEQ.* AS AMENDED

### (Against Defendants FSD and the School Board)

33.     With respect to the factual allegations contained in Paragraph 42 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-41 of the Complaint as if fully set forth herein.

34.     Paragraph 43 of the Complaint asserts legal conclusions which these Defendants are not required to admit or deny.

35.     Paragraphs 44-45 of the Complaint are denied.

36.     Paragraphs 46-7 of the Complaint assert legal conclusions which these Defendants are not required to admit or deny. To the extent these Paragraphs assert factual allegations, the same are expressly denied.

37.     Paragraphs 48-49 of the Complaint are denied.

### COUNT TWO

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. 2000(e) *ET SEQ.* AS AMENDED

### (Against Defendants FSD, the School Board, and Ms. Fabricius)

38.    With respect to the factual allegations contained in Paragraph 50 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-49 of the Complaint as if fully set forth herein.

39.    Regarding paragraph 51 of the Complaint, these Defendants admit Plaintiff was interviewed by the Idaho State Police on November 15, 2018, regarding her allegations against Fitch.  These Defendants placed Fitch on administrative leave on November 16, 2018.  These Defendants did not permit Fitch to be on District property thereafter.

40.    Regarding paragraph 52 of the Complaint, these Defendants deny the allegations therein. Despite Plaintiff not filing a formal Harassment Complaint until December 18, 2018, these Defendants commenced their investigation on November 19, 2018, with the hiring of an independent investigator.  During the investigation, it would have been inappropriate to speak with Plaintiff about conduct that was subject to both third party and police investigations. Pursuant to District policy, Plaintiff was advised of the result of the investigation when it was completed.

41.    Paragraph 53 of the Complaint asserts legal conclusions which these Defendants are not required to admit or deny.

42.    Paragraphs 54-57 of the Complaint are denied.

### COUNT THREE

## GENDER DISCRIMINATION / SEXUAL HARASSMENT / SEXUALLY HOSTILE
## CULTURE IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF
## 1972, 20 U.S.C. § 1681(a)

### (Against all Defendants)

43.     With respect to the factual allegations contained in Paragraph 58 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-57 of the Complaint as if fully set forth herein.

44.     Regarding Paragraph 59 of the Complaint, these Defendants admit.

45.     Regarding Paragraph 60 of the Complaint, these Defendants admit only that Title IX speaks for itself.

46.     Paragraphs 61-71 of the Complaint are denied.

## COUNT FOUR

## RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681(a)

### (Against Defendants FSD, the School Board, and Ms. Fabricius)

47.     With respect to the factual allegations contained in Paragraph 72 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-71 of the Complaint as if fully set forth herein.

48.     Paragraph 73 of the Complaint is admitted.

49.     Regarding Paragraph 74 of the Complaint, these Defendants admit only that Title IX speaks for itself.

50.     Regarding paragraph 75 of the Complaint, these Defendants admit only Plaintiff was interviewed by the Idaho State Police on November 15, 2018, regarding her allegations against Fitch.  These Defendants placed Fitch on administrative leave on November 16, 2018. These Defendants did not permit Fitch to be on District property thereafter.

51.     Regarding paragraph 76 of the Complaint, these Defendants deny the allegations therein. Despite Plaintiff not filing a formal Harassment Complaint until December 18, 2018,

these Defendants commenced their investigation on November 19, 2018, with the hiring of an independent investigator.  During the investigation, it would have been inappropriate to speak with Plaintiff about conduct that was subject to both third party and police investigations. Pursuant to District policy, Plaintiff was advised of the result of the investigation when it was completed.

52.    Paragraphs 77-80 of the Complaint are denied.

## COUNT FIVE

## VIOLATION OF THE IDAHO PROTECTION OF PUBLIC EMPLOYEES ACT

### (Against Defendants FSD, the School Board, and Ms. Fabricius)

53.    With respect to the factual allegations contained in Paragraph 81 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-80 of the Complaint as if fully set forth herein.

54.    Paragraph 82 of the Complaint is admitted.

55.    Paragraphs 83-84 of the Complaint assert legal conclusions which these Defendants are not required to admit or deny.

56.    Regarding Paragraph 85 of the Complaint, these Defendants admit only that the Idaho Protection of Public Employee's Act speaks for itself.

57.    Paragraph 86 of the Complaint asserts legal conclusions which these Defendants are not required to admit or deny.

58.    Paragraphs 87-88 of the Complaint are denied.

59.    Regarding Paragraph 89 of the Complaint, these Defendants deny Plaintiff has pled any facts entitling her to punitive damages.

## COUNT SIX

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 20

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

60.    With respect to the factual allegations contained in Paragraph 90 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-89 of the Complaint as if fully set forth herein.

61.    Paragraphs 91-92 of the Complaint are denied.

## COUNT SEVEN

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

62.    With respect to the factual allegations contained in Paragraph 93 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-92 of the Complaint as if fully set forth herein.

63.    Paragraphs 94-96 of the Complaint are denied.

## COUNT EIGHT

## CIVIL BATTERY

### (Against Defendant Fitch)

64.    With respect to the factual allegations contained in Paragraph 97 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-96 of the Complaint as if fully set forth herein.

65.    Paragraphs 98-100 of the Complaint assert allegations against a third-party which these Defendants are not required to admit or deny.

## COUNT NINE

## CIVIL ASSAULT

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** - 21

**(Against Defendant Fitch)**

66.     With respect to the factual allegations contained in Paragraph 101 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-100 of the Complaint as if fully set forth herein.

67.     Paragraphs 102-105 of the Complaint assert allegations against a third-party which these Defendants are not required to admit or deny.

## COUNT TEN

### CIVIL RIGHTS CLAIM – EIGHTH AND FOURTEENTH AMENDMENTS – 42 U.S.C. § 1983

**(Against all Defendants)**

68.     With respect to the factual allegations contained in Paragraph 106 of the Complaint, these Defendants repeat and reallege their responses to Paragraphs 1-105 of the Complaint as if fully set forth herein.

69.     Regarding Paragraph 107 of the Complaint, these Defendants deny any cognizable claim under the Eighth Amendment exists under any valid legal theory.  These Defendants further deny all factual allegations and legal conclusions contained within this Paragraph and its subparts.

70.     Paragraphs 108-110 of the Complaint are denied.

71.     Plaintiff's Complaint last contains her Prayer for Relief.  To the extent any answer is required thereto, these Defendants deny the allegations contained therein, deny that Plaintiff has stated any valid cause of action, or that Plaintiff is entitled to any of the relief requested therein.

### THIRD DEFENSE

Plaintiff was guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on her part proximately caused and contributed to said events and resulting damages, if any.

### FOURTH DEFENSE

Plaintiff's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these Defendants can bear no responsibility.

### FIFTH DEFENSE

The allegations contained in the Plaintiff's Complaint do not arise at a level of the deprivation of a federally protected right.

### SIXTH DEFENSE

Some or all of these Defendants are entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by these Defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

### SEVENTH DEFENSE

To the extent the Plaintiff is asserting state law claims against these Defendants, such causes of action arise out of and stem from activities for which these Defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, Plaintiff's causes of action in damages seeking recovery under state law are barred in whole or in party by virtue of the provisions of Title VI, Chapter IX Idaho Code.

### EIGHTH DEFENSE

Plaintiff's state law claims are barred, in whole or in party, due to her failure to file a civil action within 180 days of the act forming the basis of the claim, by virtue of I.C. § 6-2105.

### NINTH DEFENSE

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 23**

Plaintiff's state law claims are barred, in whole or in part, due to her failure to file a timely Notice of Claim as required by I.C. § 6-905.

### TENTH DEFENSE

Plaintiff's state and federal claims are barred, in whole or in part, by her failure to avail herself to the available administrative remedies and, alternatively, to exhaust her available administrative remedies.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel and latches.

### TWELFTH DEFENSE

Plaintiff's claims, which allege gender or other status based discrimination are barred, in whole or in part, by 28 U.S.C. § 2000e-5(g)(2)(B).

### THIRTEENTH DEFENSE

These Defendant exercised reasonable care to prevent and correct any sexually harassing behavior the Plaintiff experienced; and Plaintiff failed to take advantage of preventative or correctional opportunities provided by these Defendants.

### FOURTEENTH DEFENSE

That some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### FIFTEENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SIXTEENTH DEFENSE

These Defendants assert the absence of a proximate, causal relationship between these Defendants' conduct and Plaintiffs' separation from employment.

## SEVENTEETH DEFENSE

These Defendants fully performed any and all duties owed to Plaintiff under applicable law, including but not limited to, taking all reasonable steps to prevent harassment and/or discrimination in the workplace.  Plaintiff is therefore barred from asserting any cause of action against these Defendants

## EIGHTEENTH DEFENSE

.     These Defendants allege that if any of their agents or employees acted negligently, intentionally, willfully, or otherwise tortuously, unlawfully or wrongfully conducted themselves, to cause damage to Plaintiff, any such action was beyond the scope of such agent's employment and was without advance knowledge, authorization, consent or ratification of these Defendants

## NINETEETH DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein, fails to state facts sufficient to allow recovery of exemplary or punitive damages against these Defendants.

## TWENTIETH DEFENSE

Plaintiff's claims against these Defendants are frivolous, vexatious, unreasonable, and/or are filed in bad faith, and for that reason justify an award of attorney's fees and costs against Plaintiff in favor of these Defendants.

## TWENTY-FIRST DEFENSE

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants deny that Plaintiff suffered such distress or injury) her

emotional distress and alleged physical injury were proximately caused by factors other than her employment, the actions of these Defendants, or anyone acting on these Defendants' behalf.

### TWENTY-SECOND DEFENSE

Without waiving any defenses, these Defendants cannot be found to have violated Title IX because they had policies designed to prevent and correct harassment and, upon notice of the alleged harassment in Plaintiff's Complaint, these Defendants took prompt and effective action to respond to and remediate Plaintiff's report.

### TWENTY-THIRD DEFENSE

These Defendants cannot be found liable under Title IX for some or all of the harassment alleged in Plaintiff's Complaint because it occurred off campus and under circumstances over which these Defendants do not exercise substantial control.

### TWENTY-FOURTH DEFENSE

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants deny that Plaintiff suffered such distress or injury) her emotional distress and alleged physical injury were not foreseeable as a matter of law.

### TWENTY-FIFTH DEFENSE

These Defendants did not cause harm to Plaintiff.

### TWENTY-SIXTH DEFENSE

These Defendants did not engage in any affirmative conduct to place Plaintiff in danger.

### TWENTY-SEVENTH DEFENSE

There was no unreasonable risk, and these Defendants did not intend to expose Plaintiff to an unreasonable risk.

### TWENTY-EIGHTH DEFENSE

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** - 26

That the claims and damages set forth in the Plaintiff's Complaint are barred by the doctrine of unclean hands.

### TWENTY-NINTH DEFENSE

These Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of respondeat superior.

### THIRTIETH DEFENSE

That some or all of the acts or omissions complained of by the Plaintiff against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of any civil rights.

### THIRTY-FIRST DEFENSE

That the Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Plaintiff is making on behalf of third-parties.

### THIRTY-SECOND DEFENSE

Any delay in the fact-finding portion of the District's investigation occurred while law enforcement gathered evidence for a parallel law enforcement investigation.

### THIRTY-THIRD DEFENSE

Some or all of Plaintiff's claims are barred as they are outside the scope of her Administrative Charge of Discrimination.

### THIRTY-FOURTH DEFENSE

Plaintiff's separation from employment was entirely voluntary.

### THIRTY-FIFTH DEFENSE

These Defendants reserve the right to identify additional defenses as they become known through discovery.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 27**

**JURY DEMAND**

These Defendants demand a jury trial as to all issues.

**ATTORNEY FEES**

These Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to state and federal laws and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against Plaintiff as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereunder.

2.     That these Defendants be awarded their costs, including reasonable attorney fees pursuant to the applicable Idaho Rules of Civil Procedure.

3.     That judgment be entered in favor of these Defendants on all claims for relief.

4.     For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 21st day of February, 2020.

ANDERSON, JULIAN & HULL LLP

By_____
     Brian Julian, Of the Firm
     Attorneys for Defendants
     Fruitland School District No. 373;
     Fruitland School District No. 373
     Board of Trustees; Teresa Fabricius

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2020, I filed the foregoing #
electronically through the CM/ECF system, and delivered a true and correct copy to the
following party, addressed as follows:

Sam Johnson                           ☐ U.S. Mail, postage prepaid
Shawnee Perdue                        ☐ Hand-Delivered
JOHNSON & MONTELEONE, L.L.P.          ☐ Overnight Mail
350 North Ninth Street, Suite 500     ☐ Facsimile
Boise, Idaho  83700                   ☒ E-Mail
                                      ☒ CM/ECF System

*Attorneys for Plaintiff*

_____
                    Brian Julian

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 29**