Michael O. Roe (ISB #4490)
Robert B. White (ISB #4438)
Jack W. Relf (ISB #9762)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Telephone: 208-388-1200
Facsimile: 208-388-1300
mor@givenspursley.com
rbw@givenspursley.com
jackrelf@givenspursley.com
14982317_1 [15052.1]

*Attorneys for Michael Ray Fitch*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MEGAN FENTON,<br><br>                      Plaintiff,<br><br>vs.<br><br>FRUITLAND SCHOOL DISTRICT NO. 373;<br>FRUITLAND SCHOOL DISTRICT NO. 373<br>BOARD OF TRUSTEES; TERESA<br>FABRICIUS, an individual; MICHAEL RAY<br>FITCH, an individual; and JOHN/JANE<br>DOES I through X, whose true identities are<br>presently unknown,<br><br>                      Defendants. | CASE NO. 1:19-CV-00447-CWD<br><br>**ANSWER TO COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

       Defendant Michael Ray Fitch ("**Fitch**"), by and through his counsel of record Givens

Pursley LLP, and without admitting any liability or damages to Plaintiff, Megan Fenton

("**Fenton**"), and without assuming the burden of proof as to any issue in this litigation, responds

to the Complaint and Demand for Jury Trial ("**Complaint**"), as follows.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12.

**SECOND DEFENSE**

Fitch denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

**THIRD DEFENSE**

In response to the specific allegations of the Complaint, Fitch admits, denies, and alleges as follows:

**PARTIES**

1.      In response to Paragraph 1 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

2.      In response to Paragraph 2 of the Complaint, Fitch admits only that Fenton was employed with the Defendant Fruitland School District No. 373 ("**School District**") prior to her voluntary separation. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

3.      In response to Paragraph 3 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

4.      In response to Paragraph 4 of the Complaint, Fitch admits only that Defendant Teresa Fabricius ("**Fabricius**") was employed with the School District as the Superintendent. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

5.      In response to Paragraph 5 of the Complaint, Fitch admits only that he was employed by the School District until on or about April 18, 2019, and that he resides in Payette, Idaho.

6.      In response to the allegations within Paragraph 6 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

## JURISDICTION AND VENUE

7.      The legal conclusions in Paragraph 7 of the Complaint do not contain factual allegations which Fitch may admit or deny.

8.      The legal conclusions in Paragraph 8 of the Complaint do not contain factual allegations which Fitch may admit or deny.

## FACTS COMMON TO ALL COUNTS

9.      In response to Paragraph 9 of the Complaint, Fitch admits only that he was employed by the School District from 1999 until on or about April 18, 2019, and that he worked for the School District as a history teacher, principal, and head boys' basketball coach.

10.     Fitch denies the allegations in Paragraph 10 of the Complaint.

11.     In response to Paragraph 11 of the Complaint, Fitch admits only that Fenton was employed by the School District, that he participated in an interview with Fenton prior to her being hired by the School District, and that Fenton's office was located across the hall from Fitch's office.

12.     In response to Paragraph 12 of the Complaint, Fitch admits only that he was principal of Fruitland High School and the highest ranked administrator at Fruitland High School.

13.     In response to Paragraph 13 of the Complaint, Fitch admits only that both he and Fenton were present at a fundraising event on September 15, 2018, and that Fitch and Fenton began exchanging communications thereafter.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

14.     In response to Paragraph 14 of the Complaint, Fitch admits only that both he and Fenton exchanged communications and that the communications speak for themselves.

15.     In response to Paragraph 15 of the Complaint, Fitch admits only that both he and Fenton exchanged communications and that the communications speak for themselves.

16.     In response to Paragraph 16 of the Complaint, Fitch admits only that both he and Fenton exchanged communications and that the communications speak for themselves.

17.     Fitch denies the allegations in Paragraph 17 of the Complaint.

18.     Fitch denies the allegations in Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Fitch admits only that both he and Fenton exchanged communications and that the communications speak for themselves.

20.     Fitch denies the allegations in Paragraph 20 of the Complaint.

21.     Fitch denies the allegations in Paragraph 21, including all subparagraphs thereunder, of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Fitch admits only that Fenton sent her a photograph of her backside in underwear, that both he and Fenton exchanged communications and that the communications speak for themselves.

23.     Fitch denies the allegations in Paragraph 23 of the Complaint.

24.     Fitch denies the allegations in Paragraph 24 of the Complaint.

25.     Fitch denies the allegations in Paragraph 25 of the Complaint.

26.     In response to the allegations within Paragraph 26 of the Complaint, Fitch admits only that the Idaho State Police conducted an investigation. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

27.     In response to the allegations within Paragraph 27 of the Complaint, Fitch admits only that the Idaho State Police conducted an investigation. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

28.     The allegations in Paragraph 28 of the Complaint are admitted.

29.     In response to the allegations within Paragraph 29 of the Complaint, Fitch admits only that he was placed on administrative leave on November 16, 2018. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

30.     In response to the allegations within Paragraph 30 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

31.     In response to the allegations within Paragraph 31 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

32.     In response to the allegations within Paragraph 32 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

33.     In response to the allegations within Paragraph 33 of the Complaint, Fitch admits only that he was placed on administrative leave. Fitch is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

34.     In response to the allegations within Paragraph 34 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

35.     In response to the allegations within Paragraph 35 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

36.     In response to the allegations within Paragraph 36 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

37.     Fitch denies the allegations in Paragraph 37 of the Complaint.

38.  Fitch denies the allegations in Paragraph 38 of the Complaint.

39.  In response to the allegations within Paragraph 39 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

40.  In response to the allegations within Paragraph 40 of the Complaint, Fitch is without sufficient knowledge to admit or deny such allegations.

41.  Fitch denies the allegations in Paragraph 41 of the Complaint.

**COUNT ONE**
**GENDER DISCRIMINATION/SEXUAL HARASSMENT IN**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. 2000(e) ET SEQ. AS AMENDED**

42.  In response to Paragraph 42 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 41 of the Complaint.

43.  The allegations within Paragraph 43 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 43 of the Complaint.

44.  The allegations within Paragraph 44 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 44 of the Complaint.

45.  The allegations within Paragraph 45 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 45 of the Complaint.

46.  The allegations within Paragraph 46 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 46 of the Complaint.

47.     The allegations within Paragraph 47 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations within Paragraph 48 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 48 of the Complaint.

49.     The allegations within Paragraph 49 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 49 of the Complaint.

**COUNT TWO**
**RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C 2000(e) ET. SEQ. AS AMENDED**
**(Against Defendants FSD, the School Board and Ms. Fabricius)**

50.     In response to Paragraph 50 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 49 of the Complaint.

51.     The allegations within Paragraph 51 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 51 of the Complaint.

52.     The allegations within Paragraph 52 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 52 of the Complaint.

53.     The allegations within Paragraph 53 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 53 of the Complaint.

54.     The allegations within Paragraph 54 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 54 of the Complaint.

55.     The allegations within Paragraph 55 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 55 of the Complaint.

56.     The allegations within Paragraph 56 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 56 of the Complaint.

57.     The allegations within Paragraph 57 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 57 of the Complaint.

**COUNT THREE**
**GENDER DISCRIMINATION/SEXUAL HARASSMENT/SEXUALLY HOSTILE CULTURE IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. §1681(a)**
**(Against all Defendants)**

58.     In response to Paragraph 58 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 57 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint are admitted.

60.     Fitch denies the allegations in Paragraph 60 of the Complaint.

61.     Fitch denies the allegations in Paragraph 61 of the Complaint.

62.     Fitch denies the allegations in Paragraph 62 of the Complaint.

63.     Fitch denies the allegations in Paragraph 63 of the Complaint.

64.     Fitch denies the allegations in Paragraph 64 of the Complaint.

65.     Fitch denies the allegations in Paragraph 65 of the Complaint.

66.     Fitch denies the allegations in Paragraph 66 of the Complaint.

67.     Fitch denies the allegations in Paragraph 67 of the Complaint.

68.     Fitch denies the allegations in Paragraph 68 of the Complaint.

69.     Fitch denies the allegations in Paragraph 69 of the Complaint.

70.     Fitch denies the allegations in Paragraph 70 of the Complaint.

71.     Fitch denies the allegations in Paragraph 71 of the Complaint.

**COUNT FOUR**
**RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION**
**AMENDMENTS OF 1972, 20 U.S.C. §168(a)**
**(Against Defendants FSD, the School Board, and Ms. Fabricius)**

72.     In response to Paragraph 72 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 71 of the Complaint.

73.     The allegations within Paragraph 73 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 73 of the Complaint.

74.     The allegations within Paragraph 74 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 74 of the Complaint.

75.     The allegations within Paragraph 75 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 75 of the Complaint.

76.     The allegations within Paragraph 76 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 76 of the Complaint.

77.     The allegations within Paragraph 77 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 77 of the Complaint.

78.     The allegations within Paragraph 78 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 78 of the Complaint.

79.     The allegations within Paragraph 79 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 79 of the Complaint.

80.     The allegations within Paragraph 80 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 80 of the Complaint.

**COUNT FIVE**
**VIOLATION OF THE IDAHO PROTECTION OF PUBLIC EMPLOYEES ACT**
**(Against Defendants FSD, the School Board, and Ms. Fabricius)**

81.     In response to Paragraph 81 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 80 of the Complaint.

82.     The allegations within Paragraph 82 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 82 of the Complaint.

83.     The allegations within Paragraph 83 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 83 of the Complaint.

84.     The allegations within Paragraph 84 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 84 of the Complaint.

85.     The allegations within Paragraph 85 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 85 of the Complaint.

86.     The allegations within Paragraph 86 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 86 of the Complaint.

87.     The allegations within Paragraph 87 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 87 of the Complaint.

88.     The allegations within Paragraph 88 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 88 of the Complaint.

89.     The allegations within Paragraph 89 of the Complaint are not directed at Fitch and, therefore, do not require a response.  To the extent a response is necessary, Fitch denies the allegations in Paragraph 89 of the Complaint.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

90.     In response to Paragraph 90 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 89 of the Complaint.

91.     Fitch denies the allegations in Paragraph 91 of the Complaint.

92.    Fitch denies the allegations in Paragraph 92 of the Complaint.

**COUNT SEVEN**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against all Defendants)**

93.    In response to Paragraph 93 of the Complaint, Fitch incorporates by reference his answers

to Paragraphs 1 through 92 of the Complaint.

94.    Fitch denies the allegations in Paragraph 94 of the Complaint.

95.    Fitch denies the allegations in Paragraph 95 of the Complaint.

96.    Fitch denies the allegations in Paragraph 96 of the Complaint.

**COUNT EIGHT**
**CIVIL BATTERY**
**(Against Defendant Fitch)**

97.    In response to Paragraph 97 of the Complaint, Fitch incorporates by reference his answers

to Paragraphs 1 through 96 of the Complaint.

98.    Fitch denies the allegations in Paragraph 98 of the Complaint.

99.    Fitch denies the allegations in Paragraph 99 of the Complaint.

100.   Fitch denies the allegations in Paragraph 100 of the Complaint.

**COUNT NINE**
**CIVIL ASSAULT**
**(Against Defendant Fitch)**

101.   In response to Paragraph 101 of the Complaint, Fitch incorporates by reference his answers

to Paragraphs 1 through 100 of the Complaint.

102.   In response to Paragraph 102 of the Complaint, Fitch admits only that both he and Fenton

exchanged communications and that the communications speak for themselves.

103.   Fitch denies the allegations in Paragraph 103 of the Complaint.

104.   Fitch denies the allegations in Paragraph 104 of the Complaint.

105.    Fitch denies the allegations in Paragraph 105 of the Complaint.

**COUNT TEN**
**CIVIL RIGHTS CLAIM – EIGHTH AND FOURTEENTH**
**AMENDMENTS – 42 U.S.C. § 1983**
**(Against all Defendants)**

106.    In response to Paragraph 106 of the Complaint, Fitch incorporates by reference his answers to Paragraphs 1 through 105 of the Complaint.

107.    Fitch denies the allegations in Paragraph 107, including all subparagraphs thereunder, of the Complaint.

108.    Fitch denies the allegations in Paragraph 108 of the Complaint.

109.    Fitch denies the allegations in Paragraph 109 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

In response to Fenton's Prayer for Relief, Fitch denies Fenton is entitled to any of the relief she seeks.

**AFFIRMATIVE AND OTHER DEFENSES**

The following defenses are not stated separately as to each claim for relief or allegation of Fenton.  Nevertheless, the following defenses are applicable where appropriate, to any and all of Fenton's claims for relief.  In asserting the defenses, Fitch does not admit that the burden of proving allegations or denials contained in this answer is upon Fitch, but, to the contrary, asserts that by reason of these denials, and by reason of relevant statutory and judicial authority, the burden of proving the inverse of the allegations contained in the defenses is upon Fenton.  Moreover, in asserting any defense, Fitch does not admit any responsibility or liability, but rather specifically denies any and all allegations of responsibility and liability in the Complaint.  Without assuming any burden that is properly borne by Fenton, Fitch reserves the right to assert the following defenses to Fenton's claims:

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 13**

**FOURTH DEFENSE**

Fenton has failed to mitigate her damages, if any.

**FIFTH DEFENSE**

Fenton's claims are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

The damages alleged, which are not admitted and are expressly denied, are damages or injuries resulting from Fenton's own fault or negligence, which either bars or reduces the claim in an amount to be determined by the trier of fact.

**SEVENTH DEFENSE**

Fenton's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom Fitch can bear no responsibility.

**EIGHTH DEFENSE**

Fenton's claims are barred, in whole or in part, by the doctrine of waiver, estoppel and latches.

**NINTH DEFENSE**

Fenton expressly or impliedly consented to engage with Fitch in the conduct alleged in the Complaint.

**TENTH DEFENSE**

That the claims and damages set forth in the Complaint are barred by the doctrine of unclean hands.

**ELEVENTH DEFENSE**

Fenton's claims against Fitch are frivolous, vexatious, unreasonable, and/or are filed in bad faith, and for that reason justify an award of attorney's fees and costs against Fenton in favor of

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 14**

Fitch.

## TWELFTH DEFENSE

Fenton's claims are barred by her failure to exhaust her administrative remedies.

## THIRTEENTH DEFENSE

Any adverse employment action taken by the School District against Fenton was for a legitimate, non-discriminatory, and non-retaliatory reason.

## FOURTEENTH DEFENSE

Fenton's claims are barred as they are outside the scope of her administrative charge of discrimination.

## FIFTEENTH DEFENSE

Fenton's separation from employment was entirely voluntary.

## SIXTEENTH DEFENSE

Fenton unreasonably failed to take advantage of any preventive opportunities provided by School District.

## SEVENTEENTH DEFENSE

Fitch is not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Fenton is making on behalf of third-parties.

## EIGHTEENTH DEFENSE

Fitch is not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of respondeat superior.

## NINETEENTH DEFENSE

Fitch did not cause harm to Fenton.

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 15**

**TWENTIETH DEFENSE**

Fitch did not engage in any affirmative conduct to place Fenton in danger.

**TWENTY-FIRST DEFENSE**

There was no unreasonable risk, and Fitch did not intend to expose Fenton to an unreasonable risk.

**ATTORNEY FEES**

Fitch has been required to retain legal counsel and to incur costs and attorneys' fees in order to defend the allegations set forth in the Complaint.  Fitch is entitled to recover the same from Fenton pursuant to any applicable Idaho or federal law.

**PRAYER FOR RELIEF**

Fitch prays for judgment, decree, and order of this Court as follows:

1.      That the Complaint be dismissed with prejudice and Fenton take nothing thereunder;

2.      For attorneys' fees and costs incurred in defending against the Complaint; and

3.      For such other and further relief as the Court deems just and proper in the premise.

DATED: February 21, 2020.

GIVENS PURSLEY LLP

*/s/ Robert B. White*
Robert B. White – Of the Firm
Attorneys for Michael Fitch

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 16**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 21st day of February, 2020, I filed the foregoing document electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic filing:

Sam Johnson
Shawnee Perdue
JOHNSON & MONTELEONE, L.L.P.
350 North Ninth Street, Suite 500
Boise, Idaho 83702
*Counsel for Plaintiff*

☐ U.S. Mail
☐ Fax 208.947.2424
☐ By hand
☐ Overnight
☒ CM/ECF
    sam@treasurevalleylawyers.com
    shawnee@treasurevalleylawyers.com

Brian K. Julian
James R. Stoll
ANDERSON, JULIAN & HULL LLP
250 South Fifth Street, Suite 700
P.O. Box 7426
Boise, Idaho 83707-7426
*Counsel for Fruitland School District No. 373; Fruitland School District No. 373 Board of Trustees; and Teresa Fabricius*

☐ U.S. Mail
☐ Fax 208.344.5510
☐ By hand
☐ Overnight
☒ CM/ECF
    bjulian@ajhlaw.com
    jstoll@ajhlaw.com

*/s/ Robert B. White*
Robert B. White

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 17**